1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EMMANUEL ONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP RESIDENCES,<br><br>Defendant. | NO. 3:22-cv-5095<br><br>**ORIGINAL COMPLAINT—<br>COLLECTIVE ACTION** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Emmanuel Ong ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney April Rhéaume of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant Kitsap Residences ("Defendant"), states and alleges as follows:

## I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the provisions of the

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

Washington Minimum Wage Act, RCW 49.46.010, *et seq.*, and Washington Rebate Act, RCW 49.52.050 (collectively, the "Washington Acts").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the Washington Acts.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges violations of the Washington Acts, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Washington state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff was employed by and performed work for Defendant in Kitsap County. Therefore, venue is proper within the Tacoma Division of the Western District of Washington pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of Kitsap County.

7.      Defendant is a domestic, nonprofit corporation.

8.      Defendant's registered agent for service of process is Sharon Stiffey, at 2505 Southeast Mile Hill Drive, Unite 201, Port Orchard, Washington 98366.

9.      Defendant maintains a website at https://kitsapresidences.org/.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

## IV.    FACTUAL ALLEGATIONS

10.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

12.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the Washington Statutes.

14.    Defendant employed Plaintiff as a Direct Support Staff member from August of 2013 until January of 2022.

15.    Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

16.    Defendant also employed other hourly-paid employees to perform the work necessary to its business (hereinafter referred to as "Hourly Employees").

17.    Defendant directly hired Plaintiff and other Hourly Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

18.    In addition to his hourly wage, Plaintiff regularly received bonuses.

19.    These bonuses were based on objective criteria.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

20.    Plaintiff expected to receive the bonuses and did in fact receive the bonuses on a regular basis.

21.    Upon information and belief, all or most Hourly Employees received bonuses.

22.    Plaintiff and other Hourly Employees regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

23.    Defendant paid Plaintiff and other Hourly Employees 1.5 times their base hourly rate for the hours they worked over 40 in a workweek.

24.    However, Defendant did not include the bonuses that were paid to Plaintiff and other Hourly Employees in their regular rates when calculating their overtime pay even though Plaintiff and other Hourly Employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

25.    29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

26.    Defendant violated the FLSA and the Washington Statutes by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Hourly Employees, in their regular rate when calculating their overtime pay.

27.    Upon information and belief, Defendant's pay practices were the same for all Hourly Employees who received incentive bonuses.

28.    Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

29.    Because of the volume of work required to perform their jobs, Plaintiff and other Hourly Employees consistently worked in excess of forty hours per week.

30.    Defendant did not provide Plaintiff with rest breaks as required by the Washington Statutes.

31.    Defendant did not provide Plaintiff with thirty-minute lunch breaks as required by the Washington Statutes.

32.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Employees violated the FLSA and the Washington Statutes.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

33.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

35.    Plaintiff proposes the following collective under the FLSA:

**All hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

36.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They were eligible for and received nondiscretionary bonuses;

C.     They worked over forty hours in at least one week in which they performed work related to a bonus; and

D.     They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

39.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds fifty persons.

40.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

41.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

42.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

43.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

44.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47.    Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

48.    Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 per week.

49.    Defendant knew or should have known that its actions violated the FLSA.

50.    Defendant's conduct and practices, as described above, were willful.

51.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

54.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

55.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

59.     Defendant failed to pay Plaintiff and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

60.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

61.     Defendant knew or should have known that its actions violated the FLSA.

62.     Defendant's conduct and practices, as described above, were willful.

63.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the Washington Acts)

66.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

67.     The Washington Minimum Wage Act ("MWA"), provides that all nonexempt employees are required to be paid at or above the applicable minimum wage rate for all hours worked. RCW 49.46.020.

68.     All hours worked over 40 in a workweek must be paid at 1.5 times the nonexempt employee's regular rate of pay. *See* RCW 49.46.130(1).

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

69.     "No employee shall be required to work more than five consecutive hours without a meal period." WAC 296-126-092(2). A violation of the meal period requirement is "a wage violation." *Hill v. Garda CL Nw., Inc*., 198 Wn. App. 326, 360-61 (2017). Similarly, an employee must be provided with ten-minute paid rest break for every four hours worked and must not work more than three consecutive hours without a rest break. WAC 296-126-092(4). A denial of compliant rest breaks is also a wage violation. *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841 (2002).

70.     The meal break may be unpaid if the worker receives an uninterrupted meal period of at least 30 minutes during which they are completely relieved of work duties. However, if the employer intrudes upon or infringes the mandatory thirty-minute term to any extent, workers are owed compensation for the full thirty-minute period. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 913-914 (9th Cir. 2003); L&I Admin. Policy ES.C.6.1 at 3-4.

71.     The Washington Wage Rebate Act, Wash. Rev. Code § 49.52.050, provides in relevant part that any employer who "willfully and with intent to deprive the employee of any part of his wage, shall pay any employee a lower wage than such employer is obligated to pay such employee by any statute, ordinance or contract" shall be guilty of a misdemeanor. There is a presumption that any underpayment of an employee's wages was willful. Wash. Rev. Code § 49.52.080.

72.     Wash Rev. Code § 49.52.070 provides that any employer who violates the provisions of Wash. Rev. Code § 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, and attorneys' fees and costs

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

73.     The Wage Rebate Act entitles an employee to recover "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with the costs of suit and a reasonable sum for attorney's fees." RCW 49.52.070.

74.     Defendant acted willfully in violating the Washington state laws discussed herein and Plaintiff is entitled to double the actual damages. RCW 49.52.070.

75.     In failing to compensate Plaintiff at 1.5 times his regular rate for all hours worked over 40 each week, Defendant violated the Washington state laws referenced above.

76.     In failing to provide Plaintiff with lunch breaks and rest breaks, Defendant violated the Washington state laws referenced above.

77.     Plaintiff has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff is entitled to recover unpaid wages owed, liquidated damages, attorneys' fees and other appropriate relief under Washington state laws.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Emmanuel Ong, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the Washington Acts and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the Washington Acts and their related regulations;

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

1      D.      Judgment for liquidated damages owed to Plaintiff and all others similarly

2  situated pursuant to the FLSA, the Washington Acts and their related regulations;

3      E.      An order directing Defendant to pay Plaintiff and all others similarly situated

4  interest, a reasonable attorney's fee and all costs connected with this action; and

5  Such other and further relief as this Court may deem just and proper.

6
                                           Respectfully submitted,
7

8                                          **EMMANUEL ONG, Individually**
                                           **and on Behalf of All Others**
9                                          **Similarly Situated, PLAINTIFF**

10                                         SANFORD LAW FIRM, PLLC
                                           Kirkpatrick Plaza
11                                         10800 Financial Centre Pkwy, Suite 510
                                           Little Rock, Arkansas 72211
12                                         Telephone: (800) 615-4946
                                           Facsimile: (888) 787-2040
13

14                                         April Rhéaume
                                           Wash. Bar No. 57119
15                                         april@sanfordlawfirm.com

16

17

18

19

20

21

22

23

24

25

26